IN THE UNITED STATES DISTRCT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ROZELL MARTIN IV**, individually and on behalf of all others similarly situated, | CASE NO:_____ |
| Plaintiff, | **CLASS ACTION** |
| -vs- | HON. JUDGE:_____ |
| **THE BOARD OF COUNTY COUNTY COMMISSIONERS, HAMILTON COUNTY, OHIO** | **DEMAND FOR JURY TRIAL** |
| and | |
| **HAMILTON COUNTY SHERRIF JIM NEIL** | |
| Defendants. | |

## COMPLAINT

**NOW COMES** the Plaintiff, **ROZELL MARTIN** (hereinafter "Plaintiff"), individually and on behalf of other similarly situated persons detained in the Hamilton County Justice Center, by and through his attorney, **THE LEWIS LAW FIRM, INC., LPA,** and complaining of Defendants, **BOARD OF COMMISSIONERS OF HAMILTON COUNTY, OHIO** (hereinafter "Defendant Commissioners") and **HAMILTON COUNTY SHERRIF JIM NEIL** (hereinafter "Defendant Sheriff Neil"), (collectively hereinafter "Defendants") and hereby states as follows:

## NATURE OF THE CASE

1. This is an action for declaratory and injunctive relief and for monetary damages brought pursuant to 42 U.S.C. §1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that the claims arose in this district as alleged below.

## THE PARTIES

4. Plaintiff Rozell Martin is an individual and resident of Cincinnati, Ohio who is currently being detained pending trial in the Hamilton County Justice Center.

5. Defendant Board of Commissioners of Hamilton County, Ohio is located in Hamilton County and is the duly authorized governing body of Hamilton County, Ohio, pursuant to the laws of the State of Ohio. The Board is a political subdivision created under Chapter 3 of the Ohio Revised Code with the power to sue and be sued. Pursuant to the laws of the State of Ohio, authority and control over the payment of judgements against the Hamilton County Sheriff's Office is vested in Defendant Commissioners.

6. Defendant Hamilton County Sheriff Jim Neil is the duly elected and sworn Sheriff of Hamilton County, Ohio.

7. Defendant Sheriff Neil is sued in his individual capacity and in his official capacity as the final policy maker for all relevant policies implemented at the Hamilton County Justice Center, including the administration, operation and oversight of the Electronic Monitoring Unit Program ("EMU") and the Juris Monitoring Program ("Juris").

## FACTS

8. Plaintiff Rozell Martin was processed into the Hamilton County Justice Center on Tuesday, May 22, 2018 for misdemeanor charges of assault, a misdemeanor of the first degree and possession of marijuana, a minor misdemeanor, under Hamilton County Municipal Court Case Number 18/CRB/12829 (A-B).

9. On Wednesday, May 23, 2018, Mr. Martin's bond was set at own recognizance (O.R.) as to the possession of marijuana charge and $10,000.00 @ 10% plus Electronic Monitoring Unit ("EMU") and Juris Monitoring ("Juris") on the misdemeanor assault charge.

10. EMU and Juris are electronic monitoring devices that the Hamilton County Sheriff's Office fits a person with, usually on or about the ankle, which allows the Sheriff's office to monitor, 24 hours a day seven days per week, the location of the person fitted with the EMU and Juris is a tracking device that allows the complaintant to be notified if the person charged with the offense comes within a one mile radius of the complainant's residence.

11. On Wednesday, May 23, 2018 Mr. Martin's mother posted the $10,000.00 @ 10% portion of the bond at the Hamilton County Clerk's office located at the Hamilton County Justice Center and the Sheriff's office was notified that the bond was posted and the Sheriff's Office Electronic Monitoring Unit staff made contact with Mr. Martin's mother in order to obtain information as to where Mr. Martin would reside with the EMU/Juris device and equipment.

12. Mr. Martin waited for someone from the Sheriff's Office to contact him on May 23, 2018 regarding his release on EMU/Juris but no one contacted him and he was not released on May 23, 2018.

13. On Thursday, May 24, 2018 Mr. Martin remained in custody at the Hamilton County Justice Center awaiting release by Defendant Neil and no one from the EMU Office contacted Mr. Martin on Thursday, May 24, 2018 and he remained in custody another day.

14. On Friday, May 25, 2018 Mr. Martin still had not been contacted by anyone from Defendant Sheriff Neil's office and he remained in custody and was not released on Friday, May 25, 2018.

15. On or about Friday, May 25, 2018 Mr. Martin's mother called Defendant Sheriff Neil's office to determine what the delay was in her son being released and she was told by a staff member of Defendant Neil's EMU office that the complaintant needed to come to the EMU Office and sign paperwork regarding Juris before Mr. Martin could be released and that the complaintant was scheduled to come to the EMU Office at 10:00am on Friday, May 25, 2018 to sign paper work so that Mr. Martin could be released on EMU/Juris.

16. Mr. Martin was not released on Friday, May 25, 2018 and he spent Saturday, May 26, 2018, Sunday May 27, 2018 and Monday, May 28, 2018 (Memorial Day) in the Hamilton County Justice Center awaiting release, despite the bond being posted and the complaintant having communicated with Defendant Sheriff Neil's EMU office.

17. On Tuesday, May 29, 2018 Mr. Martin's mother again contacted Defendant Sheriff Neil's EMU office to get an update on when her son Mr. Martin would be released and she was told that they were not sure when he would be released but that Juris was no longer required because the Court had entered an order modifying the bond and removing the requirement for Juris. The Court Order read: "It appearing to the Court that the alleged victim has failed to cooperate with the Electronic Monitoring Division of the Hamilton County Sheriff's Office to effectuate a Juris Monitor hookup within the 48 hour period established by the court. It is hereby ordered that Juris Monitor is eliminated as a condition of the defendant's BOND." Mr. Martin was not released on Tuesday, May 29, 2018 despite the modification of bond and in direct contempt and violation of the Hamilton County Municipal Court's Order that a person placed on EMU/Juris be held no longer than 48 hours.

18. Mr. Martin's mother prior to the close of business on Tuesday, May 29, 2018 was told by Defendant Sheriff Neil's EMU office that her son would not be released because there were no more units available and that in fact there was a waiting list and that the office could not tell her when he would be released and in fact he might not be released for another week because there were no units available on the date that the Court set Mr. Martin's bond. Mr. Martin was still not released on Tuesday, May 29, 2018 a week after his initial arrest.

19. On Wednesday, May 30, 2018 Mr. Martin's mother again made contact with Defendant Sheriff Neil's EMU office to get an update on when her son would be released and she was again told that they could not say and that he was on the waiting list and again no units were available. Mr. Martin remained in custody on Wednesday, May 30, 2018.

20. On Thursday, May 31, 2018 Mr. Martin's mother made contact with Defendant Sheriff Neil's EMU Office to get an update on when her son would be released and she was again told that they could not say when and that her son was on the waiting list and that he was number 13 on the list and that no units were available. Mr. Martin remained in custody on Thursday, May 31, 2018.

21. Mr. Martin remained in the Hamilton County Justice Center on Friday, June 1, 2018.

22. Mr. Martin remained in custody for more than a week after all conditions for his bond were made on Wednesday, May 23, 2018.

23. Defendants willfully and purposely refuse and refused to purchase a sufficient number of EMU/Juris units so that Plaintiff Rozell Martin could be released on bond as ordered by the Court.

24. Defendants have and had full knowledge that there are and were not enough EMU/Juris units to meet the demands of Plaintiff Rozell Martin and the other detained individuals who have been ordered to be placed on EMU/Juris as a condition of bond but despite this knowledge refuse and refused to remedy the problem by purchasing more EMU/Juris units but instead Defendants willfully and purposely continue to ignore the Court's Order and allow and allowed Plaintiff Martin and others to be held in detention at the Hamilton County Justice Center for weeks with no intention of honoring the Judge's Order and releasing them on bond.

25. Defendants are aware that there are not enough EMU/Juris units available for those in detention and Defendants refuse to remedy the problem by purchasing additional units despite the fact that Plaintiff Martin and others similarly situated are being unlawfully detained despite having posted bond.

26. Defendants policy in failing to provide EMU/Juris units is unconstitutional in that it holds individuals in pre-trial detention, even though a Judge has set a bond and the bond has been posted, without legal justification.

27. Plaintiff and others similarly situated was detained without lawful justification in violation of his rights under the United States Constitution pursuant to Defendants unconstitutional policy.

28. Pursuant to Fed. R. Cv. P. 23(b)(2), Plaintiff seeks certification of this complaint as a class action. Plaintiff seeks to represent a class consisting of: All individuals who have in the past been detained, who are currently detained or in the future will be detained at the Hamilton County Justice Center, event though their bond has been posted, pursuant to Defendants' policy of failing to provide an adequate number of EMU/Juris units so that these persons can immediately be released.

29. The Plaintiff Class seeks a declaration that Defendants' policy and practice of failing to release individuals as ordered by Hamilton County Judges on EMU/Juris because there are no EMU/Juris units available is a violation of the to the class members' Fourth Amendment right to be free from unlawful seizures.

30. The Plaintiff Class also seeks an injunction ordering Defendants to stop its current policy of holding persons in the Hamilton County Justice Center because Defendants refuse to purchase a sufficient number of units to accommodate those placed on EMU/Juris and blatantly disregard the Orders issued by the Hamilton County judges.

31. The proposed class is numerous. The class comprises multiple detainees who have been held or will be held in the future at Hamilton County Justice Center pursuant to Defendants' policy. In any given day there are at least 13, given that Plaintiff Martin was 13 on the list, cases where individuals were ordered to be released on electronic monitoring by a judge and they were not released because at the time they were ordered to be released on electronic monitoring no units were available. Further, as a long standing policy of the Defendants, hundreds to thousands of inmates have been victimized by the Defendants illegal and unconstitutional policy and practices.

32. Joinder of all class members is impracticable. Not only is the class numerous, but membership consists of individuals whose identity is contained within Hamilton County Justice Center records alone and consists of many persons who are "in and out" of jail on at least on occasion.

33. There are questions of law and fact common to all class members, including but not limited to: whether or not Defendants' policy of detaining individuals after bond has been posted because Defendants fail to purchase an adequate number of EMU/Juris is constitutional.

34. All individuals falling within the class definition have been subject to the same policy and practice. Given the commonality of the questions pertinent to all class members, a single injunction or declaratory judgment would provide relief to each member of the class.

35. Defendant Sheriff Neil has acted and continues to act in a manner adverse to the rights of the proposed class, making final injunctive and declaratory relief appropriate with respect to the class as a whole.

36. Plaintiffs and the class they seek to represent have been directly injured by Defendants' policies and practices and members of the class are currently at risk of future harm from the continuation of these policies and practices.

37. Plaintiffs will fairly and adequately represent the interests of the class and the Plaintiffs' claims are typical of the claims of all members of the proposed class.

38. Plaintiffs' counsel is experienced in civil rights litigation, including Fourth Amendment cases and cases alleging excessive detentions. Plaintiffs' counsel will fairly and adequately represent the interest of the class.

## COUNT I

**(42 U.S.C. § 1983 Eighth Amendment Claim for denial of right to bail)**

39. Plaintiff re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. Defendants, having no lawful justification, prevented plaintiffs from enjoying the right to bail and from being discharged upon posting judicially established bail.

41. Plaintiff was detained pursuant to Defendants' unlawful policy described above.

42. Count I is brought as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a

whole on Count I of this Complaint. Plaintiff seeks to represent a class of similarly situated individuals who have, who are currently (or will be in the future) detained at the Hamilton County Justice Center even though their bond has been posted, pursuant to Defendants' policy of failing to provide EMU/Juris units despite a Hamilton County Judge's Order to release them on EMU/Juris, and seeks injunctive and declaratory relief against Defendants on behalf of the class.

## COUNT II
### (42 U.S.C. § 1983 Due Process claim)

43. Plaintiff re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. Ohio, both by its Constitution (Article I, Section 9) and by statute (at least R.C. 2713.13), places substantive limitations on official conduct regarding bail.

45. Ohio, both by its Constitution (Article I, Section 9) and by statute (at least R.C. 2713.13), mandates that a prisoner who has been judicially admitted to bail "shall be released" upon posting that bail.

46. Defendants failure to provide plaintiffs with necessary monitoring equipment, violates the due process rights of the Plaintiffs since Plaintiffs can only acquire the equipment from the Defendants.

**WHEREFORE**, Plaintiff asks that this Honorable Court:

a) Issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

b) Appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

c) Enter judgment declaring that Defendants' policies and practices described herein as applied to the class violate the Eighth Amendment of the U.S. Constitution and/or the due process rights of the plaintiffs, and award money damages for same in an amount to be proven;

d) Enter a preliminary and then permanent injunction prohibiting Defendants from continuing the unconstitutional policies and practices identified herein;

e) Award Plaintiffs their reasonable attorneys' fees and cost pursuant to 42 U.S.C. § 1988, and other applicable law; and

f) Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Dated: **June 1, 2018**

Respectfully submitted,

**THE LEWIS LAW FIRM, INC., LPA**

**By:** _____ **/s/ Cornelius "Carl" Lewis** _____
    **Attorney for Plaintiff**

**Cornelius "Carl" Lewis, Esq.**
**THE LEWIS LAW FIRM, INC., LPA**
119 East Court Street
Cincinnati, Ohio 45202
Phone: (513) 632-9542
Fax:    (513) 721-5824
e-mail:CarlLewisLaw@gmail.com
Ohio Supreme Court Reg. #0055700

**KOLENICH LAW OFFICE**
**By:** _____ **/s/ James E. Kolenich** _____
    **Attorney for Plaintiff**

**James E. Kolenich, Esq.**
**KOLENICH LAW OFFICE**
9435 Waterstone Blvd. #140
Cincinnati, Ohio 45249
Phone: (513) 444-2150
Fax:    (513) 297-6065
e-mail:Jek318@gmail.com
Ohio Supreme Court Reg. #0077084